## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ALEXANDER McARTHUR,
     Plaintiff,

v.

PROTECTIVE SERVICES, et al.,
     Defendants.

No. 3:21-cv-604 (SRU)

## <u>ORDER ON MOTION TO DISMISS</u>

Alexander McArthur, proceeding *pro se*, filed this action in 2021 against the City of New Haven, Protective Services, and Yale New Haven Hospital ("YNHH"), principally alleging that New Haven police officers illegally entered his home and transported him to YNHH hospital without his consent, and that certain employees of the hospital sexually assaulted him during the patient intake process. YNHH has moved to dismiss the action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the reasons explained below, the motion is **granted** and the claims against all defendants are **dismissed**. McArthur may file an amended complaint within **twenty-one (21) days.**

## I.      Factual Background

McArthur alleges that, on the night of February 8, 2021, New Haven Police officers illegally entered his apartment and, due to the condition of his apartment, had him transported to YNHH for a psychiatric evaluation. Compl., Doc. No. 1 at 7. At the hospital, an employee of Protective Services—identified by McArthur as W. Barrett—sexually assaulted him by putting both of her hands in McArthur's back pockets and removing a cigarette from one of the pockets. *Id.* at 7-8. When McArthur complained, she told him "I just wanted a cheap thrill." *Id.* at 9. McArthur spoke to Cherryl Handy from "Patients Relation." *Id*. Handy directed someone to talk to McArthur, but that person refused to call the New Haven Police on McArthur's behalf. *Id*

After McArthur was sexually assaulted by the Protective Services employee, he was put on a stretcher. *Id.* at 11. Another Protective Services employee attempted to put socks on his feet, beginning with his left foot. *Id.* McArthur stopped him out of concern that the employee had a foot fetish, and because the employee was sexually assaulting him. *Id.* at 11-12.

In March 2021, McArthur was served an arrest warrant for threatening, a charge he had no knowledge of prior to being served with the warrant. *Id.* at 16. Protective Services had a judge issue a warrant for McArthur's arrest, based on the false accusation that McArthur had threatened them on February 14, 2021. *Id.* at 17. McArthur, however, was not at YNHH on that date.[1] *Id.*

## II.     Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The party invoking a Court's subject matter jurisdiction bears the burden of demonstrating its propriety. *Id*. (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)); *see also Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) ("The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."). In deciding a motion brought pursuant to Rule 12(b)(1), a Court must construe all ambiguities and draw all inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Makarova*, 201 F.3d at 113.

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence

---

[1] I note that it is not clear whether McArthur means to include those allegations in support of his claims; he specifies in the complaint that he is not raising a claim for retaliation, but merely wants to ensure that I am aware of the defendants' acts of retaliation against him. *Id.* at 18.

which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (cleaned up).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (confirming that "a *pro se* litigant is entitled to special solicitude," "that a pro se litigant's submissions must be construed liberally," and "that such submissions must be read to raise the strongest arguments that they suggest") (cleaned up).

III.    **Discussion**

Scattered throughout McArthur's complaint are references to various state and federal statutes and causes of action, including: "2005 Connecticut Code-Sec 53a-73a"; "10 U.S. Code § 920-Art. 120 Rape and Sexual Assault Generally"; "sexual assault"; "intimidation"; "Tom Bane Act Penalty Law"; "discrimination racial"; "mental discrimination"; "emotional distress"; "mental anguish"; "pains and sufferings"; "assault and battery"; "race discrimination U.S. Code Title 42 Chapter 21"; "Blue Collar sex crimes"; and "interference, coercion, intimidation 42 U.S. Code § 3617." *See generally* Compl. Doc. No. 1. In addition, in his memorandum in opposition to the defendant's motion to dismiss, McArthur cites the following state and federal statutes and causes of action: "violation of civil code 51.9"; "Title 52 Civil Actions § 52-577"; "civil code section 1708.5"; "sexual battery"; "civil assault"; "42 U.S. Code § 12203"; and "18 U.S. Code § 2255." *See generally* Mem. in Opp., Doc. No. 20.

Moving for dismissal of the complaint, YNHH contends that McArthur has failed to demonstrate that subject matter jurisdiction exists. More specifically, YNHH argues that none of the federal statutes referenced in the complaint affords a basis for the exercise of federal question jurisdiction. In the alternative, YNHH contends that McArthur's claims are barred by the doctrines of *res judicata* and collateral estoppel, and that he has failed to state a claim upon which relief can be granted. *See* Def.'s Mem., Doc. No. 15-1.

As an initial matter, I note that although the City of New Haven is named as a defendant, and although it appears the complaint was served on the City, *see* Doc. No. 13, the City has neither appeared nor filed an Answer to the complaint. As explained further below, however, McArthur has not set forth a cognizable claim against the City, and therefore I will *sua sponte* dismiss those claims without prejudice to repleading. *See, e.g., Wachtler v. Cty. of Herkimer,* 35

4

F.3d 77, 82 (2d Cir. 1994) (district court properly dismissed claims against non-appearing

defendant); *Beck v. City of New York*, 2014 U.S. Dist. LEXIS 1136, at *2 n.2 (S.D.N.Y. Jan. 3,

2014) ("Because the Court's rulings in this Order would apply equally to the [nonmoving

defendant], the Court dismisses the claims against him *sua spo[nte]*."). To the extent that

McArthur intends to bring claims against the City relating to the issues identified in his

complaint, he may include those claims in any amended complaint. *Cf. Perez v. Ortiz,* 849 F.2d

793, 797 (2d Cir. 1988) (explaining that a court should generally afford a plaintiff an opportunity

to be heard before dismissing a complaint *sua sponte*).

A.    **Subject Matter Jurisdiction**

Turning to YNHH's motion, YNHH challenges the basis for subject matter jurisdiction, a

threshold issue that must be resolved prior to reaching the merits of McArthur's claims.

*Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). "Federal courts are

courts of limited jurisdiction" and "possess only that power authorized by Constitution and

statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U. S. 375, 377 (1994). "In 28

U.S.C. §§1331 and 1332(a), Congress granted federal courts jurisdiction over two general types

of cases: cases that arise under federal law, §1331, and cases in which the amount in controversy

exceeds $75,000 and there is diversity of citizenship among the parties, §1332(a)." *Home Depot

U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (cleaned up). Each of those "jurisdictional

grants . . . serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum

in which to vindicate federal rights, whereas diversity jurisdiction provides a neutral forum for

parties from different States." *Id.* (cleaned up)

McArthur does not identify a basis for jurisdiction in the complaint, nor does he respond

in his memorandum in opposition to the motion to dismiss to the defendant's challenge to subject

matter jurisdiction. Given that he is proceeding *pro se*, however, I will consider whether this Court has subject matter jurisdiction pursuant to both section 1331 and section 1332. Turning first to section 1332 ("diversity jurisdiction"), McArthur includes no allegations in the complaint that would allow me to infer that the parties are diverse from one another. *See, e.g., Herrick Co. v. SCS Communs., Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) ("[I]t is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.") (cleaned up). To the contrary, from the allegations set forth in the Complaint, it appears that all parties are domiciled in Connecticut, and on this record I am therefore unable to conclude that diversity jurisdiction exists.

Turning next to section 1331, "[f]ederal question jurisdiction exists where a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 25 (2d Cir. 2000) (cleaned up). Simply invoking a federal claim in a complaint, however, does not "automatically confer federal question jurisdiction." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002). Instead, a court must consider "whether the cause of action alleged is *so patently without merit* as to justify the court's dismissal for want of jurisdiction." *Id.* (quoting *Duke Power Co. v. Carolina Env. Study Group*, 438 U.S. 59, 70 (1978)) (cleaned up); *see also Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974) (explaining that federal jurisdiction existed where federal claim was not "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court").

In the case at bar, although McArthur does not specifically aver that his claims arise under federal law, he does invoke a slew of federal statutes in the complaint, including: "10 U.S. Code § 920-Art. 120 Rape and Sexual Assault Generally"; "Race Discrimination U.S. Code Title 42 Chapter 21"; and "42 U.S. Code § 3617." *See generally* Compl., Doc. No. 1. Some of those statutes, however, are simply inapplicable to the facts set forth in the complaint, and therefore cannot afford a basis for the exercise of subject matter jurisdiction. In particular, 10 U.S.C. 920-Art. 120 is a portion of the Uniform Code of Military Justice ("UCMJ"), and therefore does not afford a basis for relief in this federal civil action. *See, e.g., Rouhi v. Kettler*, 2020 U.S. Dist. LEXIS 111160 at *6-7 (D. Md. June 24, 2020) (dismissing *pro se* plaintiff's complaint for lack of subject matter jurisdiction when based, in part, on 10 U.S.C. § 921 Art. 121—"a provision of the Uniform Code of Military Justice" punishing larceny—because that statute "does not incorporate a private right of action, and military justice has no application to a dispute between a tenant and her property management company").

Similarly, section 3617 is a provision of the Fair Housing Act which prohibits coercion, intimidation, threatening, or interfering with "any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 803, 804, 805, or 806."  42 U.S.C. § 3617. By its terms, section 3617 "safeguards members of [a] protected class from coercion, intimidation, threats, or interference in the exercise or enjoyment of their Fair Housing Act rights" and additionally "protects third parties . . . who aid or encourage protected class members in the exercise or enjoyment of their Fair Housing Act rights." *Frazier v. Rominger*, 27 F.3d 828, 833 (2d Cir. 1994). In the case at bar, the complaint includes no facts relating to housing or other real-estate transactions, and therefore the provisions of the Fair

Housing Act are simply inapplicable. Put differently, there are no allegations in the complaint that suggest even a tenuous connection with the type of conduct proscribed by section 3617, and McArthur's citation to that statute is therefore insufficient to confer subject matter jurisdiction.

Finally, McArthur cites to "Title 42 Chapter 21 of the U.S. Code — Discrimination." *See* Compl., Doc. No. 1 at 21. Although McArthur does not specifically cite to section 1983, section 1983 appears in Title 42, Chapter 21 of the United States Code, and affords a private right of action against any person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Affording McArthur's pleadings the liberal construction to which he is entitled as a *pro se* litigant, I assume he intends to raise a claim against at least the City of New Haven pursuant to section 1983. As explained further below, although McArthur has failed to state a cognizable section 1983 against any of the defendants, it is not clear to me at this stage of the proceedings any such claim is so "patently without merit" that this Court is deprived of subject matter jurisdiction. *Hyman v. Mashantucket Pequot Indian Tribe*, 2022 U.S. Dist. LEXIS 103080, at *6 (D. Conn. June 9, 2022); *see also Reed v. Columbia St. Mary's Hosp.,* 782 F.3d 331, 336 (7th Cir. 2015) ("Failure to state a claim does not deprive a court of subject-matter jurisdiction unless the claim is wholly in-substantial and frivolous, which is a . . . stringent standard that is rarely satisfied.") (cleaned up). Accordingly, dismissal for lack of subject matter jurisdiction is not appropriate.

### B.    Failure to State a Claim

YNHH additionally contends that McArthur's claims are barred under the doctrines of *res judicata* and collateral estoppel. "[A] defendant seeking to assert a *res judicata* defense must

show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Wynn v. Union Local 237, I.B.T.*, 797 F. App'x 13, 15 (2d Cir. 2019) (quoting *TechnoMarine SA v. Giftports*, Inc., 758 F.3d 493, 499 (2d Cir. 2014)). Similarly, a party seeking to assert a defense of collateral estoppel must demonstrate that "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party raising the issue had a full and fair opportunity to litigate the issue in the prior proceeding; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Cayuga Nation v. Tanner*, 6 F.4th 361, 374 (2d Cir. 2021) (quoting *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288-89 (2d Cir. 2002)) (cleaned up). "[T]he party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Austin v. Downs, Rachlin & Martin*, 270 F. App'x 52, 53 (2d Cir. 2008).

In the case at bar, YNHH is certainly correct that a previous action filed by McArthur — *McArthur v. Yale New Haven Hospital*, 2021 U.S. Dist. LEXIS 158603, at *3 (D. Conn. Aug. 23, 2021) — involved identical parties and similar claims. Despite those similarities, I am not persuaded that either *res judicata* or collateral estoppel is appropriately invoked to support dismissal here. First, with respect to *res judicata*, YNHH appears to assert that McArthur's claims against the hospital could have been brought in the previous action. Whether a claim could have been brought in a prior action "turns on 'whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.'" *Limtung v. Thomas*, 2021 U.S. Dist. LEXIS 186054, at *18 (E.D.N.Y. Sept. 28, 2021) (quoting *TechnoMarine SA*, 758

F.3d at 499). Here, although both actions involve allegations that certain Protective Services Employees sexually assaulted McArthur, the alleged incidents occurred at separate times (in fact, more than two years apart) and involved different employees of Protective Services. *Compare* Compl. Doc. No. 1 *with McArthur v. Yale New Haven Hospital,* 2021 U.S. Dist. LEXIS 158603, at *3-4. In addition, the allegations set forth in the instant complaint occurred *after* the filing of the complaint in the prior action. *See Horti Ams., LLC v. Jacob's Vill. Farm Corp.*, 2022 U.S. App. LEXIS 285, at *5 (2d Cir. Jan. 5, 2022) ("The timeframe for assessing claims that could have been raised during the prior litigation ends when the complaint in that action is filed."). Accordingly, YNHH has not met its burden to show that the claims set forth in the instant action could have been raised in the previous action.

With respect to collateral estoppel, the question is somewhat closer. In my previous order, I concluded that 10 U.S.C. § 920 was both inapplicable in that federal civil rights action and, in any event, did not incorporate a private right of action. I agree with YNHH that, to the extent that McArthur intends to bring a claim pursuant to that section, any such claim is barred by collateral estoppel.[2] To the extent that McArthur intends to raise a claim under section 1983, however, YNHH has not clearly demonstrated that the issues raised in the instant complaint are identical to issues raised, litigated, and actually decided in the prior action, asserting only that "the parties and claims are the same." Def.'s Mem. Doc. No. 15-1 at 4. Given the differences between the allegations in the two actions, however, I am not persuaded that collateral estoppel is appropriately invoked in support of dismissal.

---

[2] In the alternative, the claim is dismissed because it is not cognizable; it is a provision of the UCMJ which affords no basis for relief in this federal civil action and additionally confers no private right of action. *E.g., Rouhi*, 2020 U.S. Dist. LEXIS 111160 at *3.

I agree with YNHH, however, that the instant complaint fails to state a claim upon which relief can be granted. Although I have liberally construed McArthur's complaint to raise a claim under section 1983, a cognizable claim under that statute requires a plaintiff to "allege two elements: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87-88 (2d Cir. 2015) (cleaned up). To the extent that McArthur intends to state a claim against YNHH under section 1983, there are no allegations in the complaint from which I can infer that YNHH is a state actor or was acting under color of state law in connection with this case, and the claim is therefore dismissed.

In addition, and as discussed in my prior order addressed to the previous claim McArthur filed against Protective Services, it appears from the allegations in the complaint and documents of which I may take judicial notice, that "Protective Services is a division of—or group of employees within—YNHH." *McArthur*, 2021 U.S. Dist. LEXIS 158603 at *15. Here, as there, McArthur includes no allegations from which I can infer that Protective Services is a separate legal entity from YNHH. Accordingly, to the extent that McArthur intends to bring claims against Protective Services, those claims are dismissed. *See, e.g., Watkins v. Town of Webster*, 2022 U.S. Dist. LEXIS 49237, at *23 (W.D.N.Y. Mar. 17, 2022) (dismissing claims against an entity identified in the complaint which was not a separate legal entity from the municipality sued).

To the extent that McArthur instead intends to bring a section 1983 claim against the City, he has similarly failed to state a cognizable claim. More specifically, McArthur alleges only that two New Haven police officers illegally entered his home and had him transported to YNHH without his consent. *See* Compl., Doc. No. 1. Even assuming McArthur has stated a

plausible claim against those unidentified officers, however, a municipality cannot be held liable under section 1983 absent a showing that the deprivation of "the plaintiff's rights under federal law [was] caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). More specifically, to state a cognizable claim section 1983 claim against a municipality, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983); *see also Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). Isolated acts "are generally not sufficient to justify municipal liability," unless such acts are "done pursuant to municipal policy, or were sufficiently widespread and persistent to support a finding that they constituted a custom, policy, or usage of which supervisory authorities must have been aware, or if a municipal custom, policy, or usage would be inferred from evidence of deliberate indifference of supervisory officials—those in policymaking roles—to such abuses." *Lopez v. City of N.Y.*, 2022 U.S. Dist. LEXIS 103575, at *18 (S.D.N.Y. June 9, 2022) (cleaned up).

In the case at bar, in addition to setting forth only conclusory allegations regarding the police officers' conduct in entering his home and transporting him to YNHH, McArthur includes no facts that would afford a basis for holding the City liable for those officers' actions. Accordingly, based on the allegations set forth in the complaint, McArthur has not stated a cognizable claim against the City under section 1983, and that claim is dismissed.

Finally, I note that in reply to the plaintiff's motion to dismiss, McArthur sets forth a number of new factual allegations and cites to additional statutes in support of his claims. Given that McArthur is proceeding *pro se*, I must read his "complaint liberally and interpret it to raise the strongest arguments that it suggests." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)

(cleaned up). Where a litigant is proceeding *pro se*, a court "may consider new facts raised in opposition papers to the extent that they are consistent with the complaint, treating the new factual allegations as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018). Although a plaintiff may not raise wholly new causes of action in a reply brief, a Court may consider claims that "could have been asserted based on the facts alleged in the complaint." *Vlad-Berindan v. MTA N.Y.C. Transit*, 2014 U.S. Dist. LEXIS 171289, at *11 (S.D.N.Y. Oct. 7, 2014), *report and recommendation adopted at Vlad-Berindan v. MTA N.Y.C. Transit*, 2014 U.S. Dist. LEXIS 170985 (S.D.N.Y. Dec. 9, 2014).

Here, McArthur's reply brief sets forth claims relating to a separate alleged incident of sexual assault by a different employee at YNHH that took place on a separate date. *See* Doc. No. 20. In addition, he cites in that brief to a number of additional statutes and causes of action not identified in his original complaint. *Id.* It is not apparent to me from those allegations whether McArthur is intending to bring new claims against a separate YNHH employee individually, or instead citing to a separate incident in support of his claims against YNHH. Given that lack of clarity, and the fact that the claims in his reply involve a separate incident and new causes of action, I will permit McArthur to file an amended complaint more clearly identifying which claims he intends to raise against which parties rather than construing his reply brief as an amendment to his complaint. *E.g., Mira v. Media*, 2017 U.S. Dist. LEXIS 46691, at *9 n.4 (S.D.N.Y. Mar. 29, 2017) ("Because [plaintiff's] new allegations go well beyond merely elaborating on the facts alleged in the Complaint and apparently are intended to support new legal theories, the Court declines to consider them here.").[3]

---

[3] Although McArthur cites to a slew of other state statutes and common law causes of action in his complaint and reply brief, I have dismissed all federal claims in the complaint and therefore will not exercise supplemental jurisdiction over those claims at this time. McArthur may, of course, include those claims in an amended complaint, at which point I will consider whether the exercise of supplemental jurisdiction would be appropriate.

**IV.     Conclusion**

For the foregoing reasons, the motion to dismiss is **granted** with respect to claims raised under 10 U.S.C. § 920; any claims raised against Protective Services; and with respect to the section 1983 claim raised against YNHH. All other claims are dismissed without prejudice. McArthur may file an amended complaint within **twenty-one (21) days**. McArthur is advised that any amended complaint will fully supplant his current complaint, and he should therefore include any relevant facts and claims in that amended complaint. If McArthur elects not to file an amended complaint within that deadline, the Clerk is directed to enter judgment for the defendants and close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 18th day of July 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge